Submitted March 6, affirmed October 28, 2015

Michael R. STONE,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Appeals Board
2014EAB1428, 2014EAB1429,
2014EAB1430; A157911

361 P3d 638

Michael R. Stone filed the brief *pro se.*

Respondent waived appearance.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

HADLOCK, J.

**HADLOCK, J.**

This case relates to one of the requirements that a person seeking unemployment insurance benefits must meet: that the person be "actively seeking and unable to obtain suitable work." ORS 657.155(1)(c). Claimant seeks judicial review of three final orders of the Employment Appeals Board (EAB) that denied his claims for benefits on the ground that he "was not actively seeking suitable work" at pertinent times. On review, claimant argues that he met the ORS 657.155(1)(c) requirement to be "actively seeking * * * work," as that requirement is further explained in OAR 471-030-0036(5). For the reasons that follow, we conclude that the arguments that claimant makes on review do not establish that the EAB erred. Accordingly, we affirm.

Under ORS 183.482(8), our review of the EAB's final orders proceeds as follows:

> "We review the EAB's order for substantial evidence and errors of law, and to determine whether its analysis comports with substantial reason. Substantial evidence supports a factual finding when the record, viewed as a whole, would permit a reasonable person to make that finding. An order comports with substantial reason when it articulates a rational connection between the facts of the case and the legal conclusion."

*Campbell v. Employment Dept.*, 256 Or App 682, 683, 303 P3d 957 (2013) (citations, brackets, and internal quotation marks omitted). Claimant does not challenge the factual findings that the EAB adopted in its final orders, and we describe the facts in accordance with those findings.

Claimant, who had lost his job as a paramedic, filed his initial claim for unemployment insurance benefits on February 3, 2014, and apparently obtained benefits for some periods of time that are not at issue here. Claimant subsequently sought benefits for three periods of time during which he had part-time employment with Seven Brides Brewing in 2014: April 27 through May 3, May 11 through May 17, and May 18 through June 7. He appears to have initially been deemed eligible for benefits during those periods. However, in June 2014, the Employment Department issued administrative decisions cancelling its prior payment

determinations for those three periods based on a determination that claimant had not actively sought work during the weeks at issue. Accordingly, the department denied benefits for each of the pertinent three time periods.

Claimant timely requested a hearing, which took place in August 2014. Based on testimony at that hearing, the administrative law judge (ALJ) issued decisions in which he found that claimant "was working part-time for Seven Brides Brewing" during each of the three periods at issue and that claimant had "anticipated that he would be employed full-time" with that employer. Moreover, the ALJ found that claimant had sought work only with Seven Brides Brewing and not with any other employers during those periods of part-time employment. The ALJ also found that, during the last pertinent time period (May 18 through June 7), claimant had started to look at websites, including Craigslist, for potential job openings.

Based on those findings, the ALJ concluded as a legal matter that claimant "was not actively seeking suitable work" during each of the three pertinent periods. For each of those periods, the ALJ reasoned that claimant's "work search activity was insufficient" because claimant had not made "any potential employer contacts other than his part-time employer." The ALJ asserted that an "ordinary and reasonable person would have made additional contacts in order to return to full-time work at the earliest opportunity."

Claimant timely sought review before the EAB. The EAB issued orders stating that it had conducted *de novo* review on the hearing record developed before the ALJ and, pursuant to ORS 657.275(2), was adopting the ALJ's decisions.[1]

On judicial review of the EAB orders, claimant contends that he did actively seek work during the weeks at issue. Claimant bases that argument on his understanding of OAR 471-030-0036(5) (Feb 23, 2014). The current version of that rule provides, in part:

---

[1] ORS 657.275(2) provides, among other things, that the EAB "may enter its own findings and conclusions or may adopt the findings and conclusions of the administrative law judge, or any part thereof."

"(a)  For purposes of ORS 657.155(1)(c) an individual is actively seeking work when doing what an ordinary and reasonable person would do to return to work at the earliest opportunity. Unless otherwise directed by the director or an authorized representative of the employment department, an individual who is not on temporary layoff as described in subsection (b), is not a union member as described in subsection (d), nor is filing a continued claim for the first week of an initial or additional claim as described in subsection (e), shall be required to conduct *at least five work seeking activities per week, with at least two of those being direct contact with an employer who might hire the individual.*

"(A)  Work seeking activities include but are not limited to registering for job placement services with the Employment Department, attending job placement meetings sponsored by the Employment Department, participating in a job club or networking group dedicated to job placement, updating a resume, reviewing the newspaper or job placement web sites without responding to a posted job opening, and making direct contact with an employer.

"(B)  Direct contact with an employer means making contact with an employer in person, by phone, mail, or electronically to inquire about a job opening or applying for job openings in the manner required by the hiring employer.

"* * * * *

"(e)  For an individual who is filing a continued claim for the first week of an initial or additional claim:

"(A)  If the individual worked less than full time and remuneration paid or payable to the individual for services performed during the week is less than the individual's weekly benefit amount, *each day the individual worked for the employer shall be considered a direct employer contact.*"

(Emphases added.)

Claimant focuses his argument on the parts of the current rule that are emphasized in the quotation above, asserting that he fulfilled the rule's employer-contact requirements through his contacts with his part-time employer, Seven Brides Brewing. That is, claimant contends that he made at least the required "two * * * direct contact[s] with an employer who might hire [him]," OAR 471-030-0036(5)(a),

by having multiple contacts with Seven Brides Brewing during each week that he had part-time employment there. *See* OAR 471-030-0036(5)(e)(A) (providing that, in certain circumstances, a part-time employee engages in a "direct employer contact" on each day that the employee works for his or her employer).[2]

The difficulty with claimant's argument is that it is explicitly based on the current version of OAR 471-030-0036(5), which is not the version of the rule that the ALJ applied when analyzing claimant's entitlement to benefits. As noted, claimant filed his initial claim for benefits on February 3, 2014. At that time, a previous version of OAR 471-030-0036(5) (Jan 8, 2006) was in effect. It provided:

> "For purposes of ORS 657.155(1)(c) an individual is actively seeking work when doing what an ordinary and reasonable person would do to return to work at the earliest opportunity. In determining whether an individual is conducting an active search for work, the Employment Department may consider among other factors, length of employment, economic conditions in the individual's labor market and prospective job openings, weather conditions affecting occupations or industries, seasonal aspects of the individual's regular occupation, expected date of return to work with regular employer or in regular occupation, seniority status of individual, registration with a union hiring hall and normal practices for obtaining the type of work which the individual is seeking * * *."

We refer to that version of OAR 471-030-0036(5)(a) as "the 2006 rule" in the remainder of this opinion.

The 2006 rule and the current version of the rule are alike in one respect: both provide that "an individual is actively seeking work when doing what an ordinary and reasonable person would do to return to work at the earliest opportunity." The current rule follows that general statement with the more specific explanation—on which claimant bases his argument to this court—that (with certain exceptions) an individual must "conduct at least five work seeking

---

[2] Claimant makes additional arguments on judicial review that are not sufficiently preserved or developed for our consideration. We reject those arguments without discussion.

activities each week, with at least two of those being direct contact with an employer who might hire the individual." OAR 471-030-0036(5). But the 2006 rule did not include that quantitative description of what the department views as adequate work-seeking activities. Nor did it include the provision, currently found in OAR 471-030-0036(5)(e)(A), stating that, in some circumstances, a part-time employee's contacts with his or her current employer count as "direct employer contact[s]." Instead, as quoted above, the 2006 rule more generally described various factors that the department could consider in determining whether a person had done "what an ordinary and reasonable person would do to return to work at the earliest opportunity," including such things as "length of unemployment, economic conditions * * *, seniority status * * *, normal practices for obtaining the type of work which the individual is seeking," and so on. OAR 471-030-0036(5)(a) (Jan 8, 2006).

Because the ALJ applied the 2006 rule in analyzing claimant's eligibility for benefits, he considered only whether, given the facts found, claimant had done "what an ordinary and reasonable person" would have done to gain full-time employment. The ALJ did not also analyze quantitatively whether claimant had "conduct[ed] at least five work seeking activities per week, with at least two of those being direct contact with an employer who might hire [him]," as the current version of OAR 471-030-0036(5)(a) requires.

The ALJ's reliance on the 2006 rule may be based on OAR 471-010-0015(1), which provides:

"(1) Unless otherwise provided in this Chapter, the rules in effect at the time an individual files a claim for benefits shall be applied to issues associated with that claim for benefits.

"(2) For purposes of this rule, a 'claim for benefits' includes an initial, additional or continued claim."

Under that rule, it appears likely that the ALJ acted correctly in applying the 2006 rule to claimant's claim for benefits, as claimant filed his initial claim while the 2006 rule was in effect.

Significantly, claimant does not argue on review that the ALJ and, thus, the EAB, erred by relying on the 2006 rule instead of on the current version of OAR 471-030-0036(5). Rather, claimant's argument is based entirely on an unexplained assumption that the current version of the rule applies. Nor has claimant presented a cogent explanation, based on the 2006 rule, of why the ALJ could not properly conclude on this record that claimant had not engaged in the sort of work-seeking activities that "an ordinary and reasonable person" would have undertaken in claimant's circumstances, including making some contacts with employers other than Seven Brides Brewing.

Claimant's reliance on the current version of OAR 471-030-0036(5) may be understandable, given that certain parts of the record could be understood to suggest that department personnel believed that the current version of the rule—including its requirement of "five work seeking activities per week, with at least two of these being direct contact with an employer"—governed claimant's entitlement to benefits. For example, the initial administrative decisions in the record state that claimant "was advised * * * that an adequate work search consisted of two employer contacts and three work seeking activities." Moreover, a department representative testified at the administrative hearing that an adequate work search would have consisted of "five work seeking activities, but two of those must be [e]mployer contacts." On the other hand, the notice issued to claimant by the Office of Administrative Hearings included a copy of the 2006 rule, not the current version of OAR 471-030-0036.

In the end, however, notwithstanding any confusion over which rule applies, claimant's arguments on review present no basis for reversal or remand of the final orders, as he has neither challenged the ALJ's reliance on the 2006 rule nor established that the ALJ's application of that version of the rule was erroneous. In short, the arguments that claimant has presented on judicial review give us no reason to disturb the EAB's orders.

Affirmed.